RICHARD BURGETT, Appellant, *v.* CATHARINE L.
STRICKLAND, as Administratrix, etc., of FRANCIS
STRICKLAND, Deceased, Respondent.

*Statute of limitations — when the provisions of the new Code are applicable to causes
of action existing at the time of its passage—Code of Civil Procedure, sec. 399, 414—
Code of Procedure, sec. 99.*

On December 30, 1878, the summons in this action was placed in the hands of
the sheriff for service upon the defendant, and the same was personally served
upon him on September 27, 1879.   The cause of action accrued January 1, 1873.
Held, that the question as to what acts constituted a commencement of the action
within the meaning of that term, as used in subdivision 3 of section 414 of the
Code of Civil Procedure, was to be determined by section 399 of the said Code
of Civil Procedure, and not by section 99 of the Code of Procedure.
That as the summons was not served upon the defendant personally, or by
publication, within sixty days from the time the summons was placed in the
hands of the sheriff, as required by section 399 of the Code of Civil Procedure,
the action was not commmenced within the two years prescribed by sub-
division 3 of section 414 of the said Code, and that the action was, therefore,
governed and barred by the provisions of the new Code, limiting the time
within which actions must be brought.

APPEAL from a judgment dismissing the complaint, entered upon
a decision of the court upon a trial at the Cattaraugus Circuit, with-
out a jury.

*Henderson & Wentworth,* for the appellant.

*Allen & Thrasher,* for the respondent.

SMITH, P. J. :

The original defendant was Francis Strickland, and he having
died, his administratrix was substituted in his place.   The action is
on contract, and one of the defenses pleaded is the statute of limit-
ations.   The cause of action accrued 1st January, 1873, and from
that time, the intestate, until his death, and the plaintiff, resided in
the county of Cattaraugus.   On 30th December, 1878, the summons·
in this action was delivered by the plaintiff's attorney to the sheriff
of said county for service on the intestate, and it was served upon
him personally on 27th September, 1879.   Upon these facts, the

court held at the circuit that the demand was barred by the statute of limitations.

The sole question is whether the case is controlled by section 399 of the Code of Civil Procedure, or by section 99 of the old Code, as it stood at the time when it was superseded by the new Code. If section 399 controls, the claim is barred, because the summons was not personally served within sixty days after it was delivered to the sheriff, nor until after six years from the time when the cause of action accrued ; if section 99 applies, the delivery of the summons to the sheriff was equivalent to the commencement of an action, within the provisions of that section, as amended in 1867 (Laws 1867, chap. 781, § 5), and it being within the six years the cause of action was saved.

The general rule is that the statute of limitations which was in force when the suit was brought is that which determines the right of a party to sue (*Patterson* v. *Gaines*, 6 How. [U. S.], 550), and as chapter 4 of the new Code, which relates to the "limitation of the time of enforcing a civil remedy," and embraces section 399, took effect on the 1st September, 1877, nearly seventeen months prior to the delivery of the summons in this action to the sheriff, section 399 controls unless the present case is excepted from its provisions by the operation of section 414 of the new Code, contained in the same chapter.

That section, so far as it is material to the case in hand, is as follows : "Section 414. The provisions of this chapter apply, and constitute the only rules of limitation applicable, to a civil action or special proceeding, except in one of the following cases :  *  *  * 3. A case " not arising prior to 1st July, 1848, " in which a person is entitled, when this act takes effect, to commence an action,  *  *  * where he commences, institutes or otherwise resorts to the same, before the expiration of two years after this act takes affect ; " in which case, " the provisions of law applicable thereto, immediately before this act takes effect, continue to be so applicable, notwithstanding the repeal thereof."

The respondent's counsel contends that section 414 applies only to such provisions of the chapter as constitute the rules of limitation, and that section 399 does not constitute a rule of limitation, but simply prescribes what shall, in certain cases, be deemed equivalent

to the commencement of an action. To this, we think, there are several answers. In the first place, section 414 relates to *all* the provisions of the chapter, and applies to them all, whether they are strictly rules of limitation or not. In the next place, section 399 may fairly be said to fall within the provisions of the chapter constituting "the rules of limitation," inasmuch as it prescribes what shall be equivalent to the commencement of an action within the meaning of each provision of the act limiting the time for commencing an action.

But lastly, the precise question is whether the case is within subdivision 3; if it is, section 99 of the old Code applies. The present case meets all the conditions of subdivision 3, unless it be that which relates to the commencement of the action. The question on that point is whether the action must be commenced as required by the new Code, or whether a compliance with section 99 of the old Code is enough. We think that the subdvision has reference to the mode of commencing an action prescribed by the chapter of which it is a part.

Until the case is brought within subdivision 3, section 99 is repealed as to it, and is of no effect, and consequently it cannot be resorted to for the purpose of ascertaining what shall constitute a sufficient service to bring the case within the subdivision. It follows that inasmuch as the delivery of the summons to the sheriff was not followed by a personal service of the same within sixty days thereafter, there was no suit commenced within the meaning of subdivision 3, and consequently the old Code does not apply, and the plaintiff's claim is barred.

Judgment should be affirmed.

HARDIN and BARKER, JJ., concurred.

Judgment affirmed.